UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------ x
ALEXA SAMOILOFF,                                  :
                                                  :
                    Petitioner,                   :
                                                  :   **RULING ON PETITION**
         -against-                                :   **FOR RELIEF UNDER 28**
                                                  :   **U.S.C. § 2241**
                                                  :
STOVER, WARDEN OF FCI DANBURY,                    :   3:23-cv-1698 (VDO)
                                                  :
                    Respondent.                   :
------------------------------------------------------------------ x

**VERNON D. OLIVER**, United States District Judge:

  Petitioner Alexa Samoiloff filed this petition for habeas relief under 28 U.S.C. § 2241 while incarcerated at Federal Correctional Institution at Danbury, Connecticut ("Danbury FCI"). (Pet., ECF No. 1.) In her petition, she claims that (1) the Bureau of Prisons ("BOP") miscalculated her First Step Act ("FSA") credits that she was eligible to earn at the time of her sentencing and that (2) she was improperly disqualified from earning FSA credits for two weeks between April 19, 2022 and May 3, 2022. (*Id.* ¶ 13.) Petitioner requests the Court to order the BOP to recalculate her release date to account for her earned FSA time credits. (*Id.* ¶ 15.) In his response to the Court's order to show cause dated January 17, 2024, Respondent argues that Petitioner is statutorily ineligible to earn FSA credits. (Resp't Response, ECF No. 10.) Petitioner and Respondent have each filed reply briefs. (Pet'r Reply, ECF No. 11; Resp't Reply, ECF No. 12; Pet'r Sur-Response, ECF No. 13.) This matter is therefore now fully briefed.

  Upon review, the Court concludes that the Petition is **denied**.

I.  **BACKGROUND**

Respondent has submitted the declaration of BOP Case Management Coordinator Mandy Breece, who works at Danbury FCI. (Breece Decl., ECF No. 10-1.) She avers that after Petitioner filed the instant Petition, the BOP discovered that an administrative error had resulted in Petitioner being deemed eligible to earn FSA credits. (*Id.* ¶ 5.) She explains that Petitioner should have been considered statutorily ineligible to earn FSA credits because she is serving a sentence for an offense listed in 18 U.S.C. § 362(d)(4)(D).

Petitioner was sentenced in the United States District Court for the District of Rhode Island to a 120-month term of imprisonment with a five-year term of supervision for Conspiracy to Distribute and Possess with Intent to Distribute 50 Grams or More of Methamphetamine, in violation of 21 U.S.C. § 846; Possession With Intent to Distribute 5 Grams or More of Methamphetamine, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii); and Aiding and Abetting Distribution of 5 Grams or More of Methamphetamine, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii). *See* Breece Decl. ¶ 6, Ex. 1 (Judgment, *United States v. Samoiloff*, No. 1:20-cr-58 (D.R.I.)).

In its statement of reasons, the sentencing court "adopt[ed] the presentence investigation report" that indicated application of a "three-level enhancement because the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." (Breece Decl. ¶ 8 (quoting Presentence Investigation Report).)[1]

---

[1] Respondent states that neither the Presentence Investigation Report ("PSR") or the Statement of Reasons ("SOR") is available on the public docket and permission to disclose these records rests solely with the sentencing court. *See* 5 U.S.C. §§ 551-52 (explaining that an agency, such as BOP,

2

At present, the BOP has calculated Petitioner's sentence with her good conduct time per 18 U.S.C. § 3624(b) to determine her current projected release date as August 31, 2028. (*Id.* ¶ 7.)

## II.     LEGAL STANDARD

A federal prisoner may petition for habeas relief if she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001). Thus, § 2241 petitions are appropriately used to challenge conditions of confinement or sentence calculations. *See Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006); *Dailey v. Pullen*, No. 3:22-cv-1121 (SRU), 2023 WL 3456696, at *2 (D. Conn. May 15, 2023) (considering a challenge to First Step Act time credit calculation on a § 2241 petition).

## III.    DISCUSSION

Petitioner maintains that she is eligible to earn FSA credits and that she has continuously participated in recidivism reduction programs. (Pet'r Reply.)

---

must make certain information available to the public, but that the term "agency" does not include the courts of the United States). *See* Resp't Response at 3 n. 2, ECF No. 10. This Court's review of the docket for Petitioner's criminal case on the Electronic Document Filing System for the District of Rhode Island confirmed that this information is not presently accessible to this Court. Therefore, the Court relies upon the Breece declaration attesting to information in the records. Notably, Petitioner does not dispute that the information stated in the Breece declaration is reflected in the PSR and SOR, although she contests the characterization of her having a role of a manager. *See* ECF Nos. 11, 13.

3

On December 21, 2018, Congress enacted the FSA, which was intended to encourage federal inmates to participate in evidence-based recidivism reduction programs ("EBRRs") and other productive activities ("PAs") by providing time credits to an inmate who successfully participates in such programs. *See* 18 U.S.C. § 3632(d)(4)(C), 3624(g)(1)(A); 28 C.F.R. § 523.40(b); *Daily*, 2023 WL 3456696, *2.

The FSA required BOP to develop a system to assess a prisoner's criminogenic needs and risk of recidivism and assign prisoners to evidence-based recidivism reduction programming and productive activities targeted toward their specific criminogenic needs. *See generally* 18 U.S.C. § 3632 *et seq*. "All sentenced inmates, regardless of eligibility status, will receive both a risk and need assessment … after the inmate's arrival to their designated facility for service of their sentence and during the initial admission and orientation phase." *See* BOP Program Statement 5410.01, CN-2, First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4), *available at* https://www.bop.gov/policy/progstat/5410.01_cn2.pdf (last accessed May 7, 2024).[2]

An inmate's initial risk and needs assessment is ordinarily completed within twenty-eight days of his/her arrival at the designated facility. *See* BOP Program Statement 5410.01, CN-2, § 5.[3] Inmates are reassessed at each regularly scheduled Program Review throughout their incarceration. *See id.* Program Reviews occur approximately every 180 days unless an inmate is within one year of release, in which case they occur every 90 days. *See* 28 C.F.R. § 524.11(a). An inmate classified as having a minimum or low risk of recidivism earns either

---

[2] *See Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (court may "take judicial notice of relevant matters of public record").

[3] Available at https://www.bop.gov/policy/progstat/5410.01_cn2.pdf.

4

ten or fifteen days of FSA time credits for every thirty days of successful participation in EBRRs or PAs. 18 U.S.C. § 3632(d)(4)(A).

With enough time credits, an inmate may be transferred sooner to prerelease custody, either in a residential reentry center or on home confinement, or supervised release. *See* 18 U.S.C. § 3624(g)(2). Inmates classified as minimum or low risk of recidivism are eligible to earn either ten or fifteen days of credit for every thirty days of successful participation in EBRRs or PAs. *See* 18 U.S.C. § 3632(d)(4)(A). If the inmate's sentence includes a period of supervised release, "the Director of the Bureau of Prisons may transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months." 18 U.S.C. § 3624(g)(3).

The FSA includes a list of 68 statutes, the violation of which renders an inmate ineligible for FSA time credits. *See* 18 U.S.C. § 3632(d)(4)(D). Relevant to this action, 18 U.S.C. § 3632(d)(4)(D) provides, in relevant part:

> Ineligible prisoners. – A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law:
> ****
>
> (lxxvii) Subparagraph (A)(viii) or (B)(viii) of section 401(b)(1) of the Controlled Substances Act (21 U.S.C. 841(b)(1)) or paragraph (1)(H) or (2)(H) of section 1010(b) the Controlled Substances Import and Export Act (21 U.S.C. 960(b)), relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, or knowingly importing or exporting, a mixture of substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, if the sentencing court finds that the offender was an organizer, leader, manager, or supervisor of others in the offense, as determined under the guidelines promulgated by the United States Sentencing Commission.

18 U.S.C. § 3632(d)(4)(D)(lxvii). Here, the judgment in Petitioner's underlying criminal case clearly shows that she was sentenced for violation of 21 U.S.C. § 841(b)(1)(B)(viii).

In arguing for her eligibility, Petitioner relies on two out-of-circuit cases, *Noe v. True*, No. 21-1373, 2022 WL 5080196 (10th Cir. Oct. 5, 2022) and *Turner v. Keyes*, 3:22-CV-321 (WMC) (W.D. Wis.). But neither of these cases supports Petitioner's claim for FSA eligibility.

In *Noe*, the plaintiff argued that his exclusion from FSA incentives violated his constitutional right to equal protection. 2022 WL 5080196, at *9. The Tenth Circuit rejected the defendants' argument that the plaintiff lacked standing to bring his equal protection claim because his conviction for conspiring to distribute methamphetamine rendered him statutorily ineligible to earn FSA credits. *Id.* In so holding, the Tenth Circuit noted that Plaintiff's judgment showed that he was convicted of conspiracy but not a substantive offense under § 841(b)(1)(A). *Id.* at *10. The Court went on to explain that the statutory list of disqualifying convictions includes 21 U.S.C. § 841(b)(1)(A)(viii) "relating to . . . distributing . . . methamphetamine . . . if the sentencing court finds that the offender was a . . . leader . . . in the offense, as determined under the guidelines promulgated by the United States Sentencing Commission," but it "does not include 21 U.S.C. § 846, conspiring to commit a controlled-substance offense." *Id.* at *10 (citing 18 U.S.C. § 3632(d)(4)(D)(lxvii)). Thus, even an "inclusion of statutory references to both the conspiracy statute and the sections describing the object of the conspiracy does not transform the judgment into one that describes a conviction of the substantive crime." *Id.* (noting plaintiff's judgment "cannot be properly read . . . to suggest that he stands convicted of the crime that was the object of the conspiracy") (internal citations and quotation marks omitted).

Likewise, in *Turner*, the Western District of Wisconsin determined that the BOP had erred by disqualifying the petitioner from earning FSA credit on the basis of his conspiracy conviction in violation of 21 U.S.C. § 846 and that a "conviction under § 846 did not equate to him 'serving a sentence for a conviction under § 841(b)(1)(A), pursuant to § 3632(d)(4)(D)(lxvii)." Opinion and Order at 7, ECF No. 24.

Thus, Petitioner cites to case law that only serves to underscore her ineligibility to earn FSA credits in light of her separate conviction under 21 U.S.C. § 841(b)(1)(B)(viii) and her role as a manager or supervisor as identified in the PSR adopted by the sentencing court. (Breece Decl. ¶¶ 6, 8.) Petitioner maintains that the PSR indicates she was a manager or supervisor in only the conspiracy. The PSR states that she was "a manager or supervisor . . . and the criminal activity involved five or more participants or was otherwise extensive" and refers to her activity to further the conspiracy, but it does not confine her role as a manager of only the conspiracy. *See id.* ¶ 8.

Accordingly, the Court concludes that Petitioner is statutorily disqualified from FSA eligibility pursuant to 18 U.S.C. § 3632(d)(4)(D)(lxvii). Thus, the Court must deny the petition for habeas relief under section 2241.

**IV.     CONCLUSION**

For the foregoing reasons, the Petition for Relief (ECF No. 1) under 28 U.S.C. § 2241 is **DENIED**. The Clerk is instructed to close this case. Any appeal from this order would not be taken in good faith.

**SO ORDERED.**

Hartford, Connecticut
May 10, 2024

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge